**KMART CORPORATION,**
Plaintiff–Appellee,

v.

**21ST CENTURY PETS, INC.; American Petronics, Inc.; Samuel W. Jacobson, doing business as 21st Century Pets; Angela J. Jacobson, doing business as 21st Century Pets, Defendants–Appellants,**

No. 01–2013.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2003.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

* The Honorable William O. Bertelsman. Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

## OPINION

COLE, Circuit Judge.

Defendant–Appellants 21st Century Pets, Inc., American Petronics, Inc., Samuel W. Jacobson and Angela J. Jacobson appeal the district court's grant of summary judgment, and award of damages in the amount of $2,077,576.15, in favor of Plaintiff–Appellee Kmart Corporation.

In 1993, Kmart Corporation ("Kmart") and 21st Century Pets, Inc. ("21st Century") entered into a vendor contract, by which Kmart agreed to purchase electronic pet supplies from 21st Century. Upon 21st Century's alleged breach of this agreement, Kmart instituted an action in the district court. Kmart's complaint asserted causes of action for account stated, breach of contract, unjust enrichment, interference with contractual relations, and civil conspiracy.

The complaint named as defendants 21st Century, American Petronics, Inc., Samuel Jacobson and Angela Jacobson. American Petronics operated as a "division" of 21st Century until its incorporation in 1998. The Jacobsons controlled both companies. 21st Century subsequently declared bankruptcy. The district court denied motions to dismiss the remaining defendants.

At the completion of discovery, all of the remaining parties filed motions for summary judgment. Kmart moved for summary judgment on Counts II and V of its complaint, breach of contract and civil conspiracy. In its brief in support of its motion for summary judgment, Kmart urged the district court to employ the equitable remedy of piercing the corporate veil and to find the remaining defendants liable for 21st Century's contractual debts to Kmart. To support their motion for summary judgment, the defendants alleged that Kmart had insufficient evidence to support the allegations in its complaint.

Both Kmart and the defendants submitted expert affidavits to support their respective motions for summary judgment.

On January 22, 2001, the district court granted Kmart's motion for summary judgment, and denied the defendants' motion. Kmart subsequently filed a motion for summary judgment on the issue of damages. Defendants filed a response, in which they admitted to having breached the vendor agreement, but sought to minimize the damage award. On May 10, 2001, the district court granted Kmart's summary judgment motion as to damages, and awarded judgment in favor of Kmart in the amount of $2,077,576.15. The defendants filed a motion for reconsideration, which the district court denied, reasoning that the defendants had not raised any new arguments. The defendants now appeal from the district court's judgment in favor of Kmart, arguing that the district court erred in concluding that no genuine issues of material fact exist as to whether the defendants engaged in a pattern of conduct that justifies piercing the corporate veil. In particular, they contend that the existence of conflicting expert affidavits precluded the district court from granting summary judgment in favor of Kmart.

After a careful review of the record, applicable law, the parties' briefs, and oral argument by counsel, we conclude that the district court did not err in granting summary judgment in favor of Kmart. The evidence demonstrates a pattern of activity that justified piercing the corporate veil under Michigan law. Furthermore, the conclusory statements contained in the defendants' expert affidavits do not create a genuine issue of material fact. As the district court accurately described the evidence and applied the correct legal principles to the facts of this case, no useful purpose would be served by issuing a full

opinion. We thus AFFIRM the district court's judgment in favor of Kmart on the basis of its well-reasoned opinion.